# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| VARFEE FOFANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1072 JCH |
| | ) | |
| UNION STATION HOTEL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Varfee Fofana for leave to proceed in forma pauperis. Upon review of the motion and the financial information submitted in support, the Court finds that plaintiff's motion should be granted. Additionally, plaintiff will be directed to file an amended complaint.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff has filed a pro se employment discrimination complaint against defendant the Union Station Hotel. The complaint is on a Court-provided form. Plaintiff has checked the box indicating that he is bringing his lawsuit pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, *et seq.*

Although he has brought this action under the ADEA, he alleges in his complaint that he was discriminated against by his employer on the basis of his race (African-American), religion

(unknown), national origin (unknown) and gender. In the body of his complaint, plaintiff also alleges that he was "retaliated against due to being a whistleblower and exposing Human Resources Director (Staci Simpson) devious racial biases and inconsistencies when it relates to disciplinary actions and hiring practices.

Although it appears that plaintiff filed his complaint in this Court within ninety (90) days of receipt of his Right to Sue from the EEOC, his claims in this lawsuit do not match the claims outlined in his Charge of Discrimination filed with the EEOC.

In his Charge of Discrimination, plaintiff marked the boxes for race and national origin discrimination. He also asserted in the body of his complaint that he believed he had been terminated from his position as Loss Prevention Supervisor at the St. Louis Union Station Hotel due to race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. Plaintiff did not claim discrimination on the basis of age under the ADEA, nor did he claim gender discrimination, religious discrimination or retaliation.

**Discussion**

A plaintiff's claims in court must be like or reasonably related to the claims outlined in his administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004). Thus, the Court will allow plaintiff thirty (30) days to amend his complaint on a court-form in order to properly set forth allegations that reflect those that are like those set forth in his Charge of Discrimination filed with the EEOC. Plaintiff's failure to set forth his claims in a timely manner will result in a dismissal of the claims in this lawsuit due to his failure to properly exhaust his administrative remedies.

When plaintiff amends his complaint on a court-form, he should set forth, in separately numbered paragraphs the factual allegations supporting each separate claim against defendant. For example, plaintiff shall articulate his race and national origin claims separately, after clearly marking the box for claims brought under Title VII on the first page of the complaint form. Additionally, plaintiff needs to carefully articulate the adverse action he believes that was taken as a result of the discriminatory conduct he received in a separate paragraph as well.

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given thirty days in which to file his amended complaint. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

The Court, however, will decline to appoint counsel at this time. The Court notes plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. Therefore, the Court will deny plaintiff's request for counsel at this time. Plaintiff may renew his request for counsel, if necessary, at a later time in the case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court must provide plaintiff with a copy of the Court's employment discrimination complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form, in accordance with the instructions set forth above, within **thirty (30) days** from the date of this order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

Dated this 12th day of June, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE