UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VARFEE FOFANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1072 JCH |
| | ) | |
| UNION STATION HOTEL, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter comes before the Court on review of the amended complaint. The Court finds that plaintiff's claims for religious discrimination, as well as discrimination based on gender and color, are subject to dismissal, as these claims are not like or reasonably related to the claims outlined in plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission. The Court will also dismiss plaintiff's claim for retaliation under Title VII as these claims were also not included in plaintiff's Charge of Discrimination.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common

sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff has filed a pro se employment discrimination complaint against defendant the Union Station Hotel on April 29, 2019. The Court reviewed the complaint pursuant to 28 U.S.C. § 1915 on June 12, 2019.

In its June 12, 2019 Memorandum and Order, the Court noted that in his complaint, plaintiff had checked the box indicating that he was bringing his lawsuit pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, *et seq*. However, he alleged in his complaint that he was discriminated against by his employer based on his race (African-American), religion (unknown), national origin (unknown) and gender. In the body of his complaint, plaintiff also alleged that he was "retaliated against due to being a whistleblower and exposing Human Resources Director (Staci Simpson) devious racial biases and inconsistencies when it relates to disciplinary actions and hiring practices.

The Court informed plaintiff that although his complaint appeared to have been timely filed, his claims in this lawsuit did not match the claims outlined in his Charge of Discrimination filed with the EEOC, which was attached as an exhibit to his complaint.

In his Charge of Discrimination, plaintiff marked the boxes for race and national origin discrimination. He also asserted in the body of his Charge that he believed he had been terminated from his position as Loss Prevention Supervisor at the St. Louis Union Station Hotel due to race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. Plaintiff did not claim discrimination on the basis of age under the ADEA, nor did he claim gender discrimination, religious discrimination or retaliation in his Charge.

In its June 12, 2019 Memorandum and Order, the Court ordered plaintiff to file an amended complaint that contained claims "like or reasonably related to" the claims outlined in his Charge of Discrimination. Plaintiff was warned that his failure to set forth his claims in such a manner would likely result in those claims being dismissed.

**Discussion**

A plaintiff's claims in court must be like or reasonably related to the claims outlined in his administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004). To allow "a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994). Therefore, a plaintiff's claims of employment discrimination in his or her complaint "may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Parisi v. Boeing Co.,* 400 F.3d 583, 585 (8th Cir. 2005).

In his amended complaint, plaintiff has once again checked the boxes claiming religion, color and gender discrimination, in addition to his claims of race and national origin discrimination. Plaintiff also claims that he was unlawfully terminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964.

As noted in the Court's prior Memorandum and Order, in plaintiff's Charge of Discrimination, plaintiff marked the boxes for race and national origin discrimination only. Plaintiff did not claim discrimination based on gender, color or religious discrimination, or retaliation in his Charge. Additionally, these claims are not like or reasonably related to plaintiff's claims of race or national origin discrimination. *See Duncan*, 371 F.3d at 1025; *Cruesoe v. MERS/Missouri Goodwill Indus.*, 2006 WL 2917363, at *10 (E.D.Mo. Oct. 11, 2006) (holding that a plaintiff did not exhaust claims based on religious discrimination where his

EEOC charge alleged only race discrimination); *Mathews v. St. Louis University,* 2006 WL 269992, No. 4:05CV1488 JCH (E.D. Mo. February 1, 2006).

As a result, plaintiff's claims of gender, color and religious discrimination, as well as his claim for retaliation, brought pursuant to Title VII, will be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims under Title VII of the Civil Rights Act of 1964, for gender, color and religious discrimination are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's claim under Title VII of the Civil Rights Act of 1964, for retaliation is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint as to defendant Union Station Hotel by serving its registered agent: John J. Bucher, 2600 Market Street, St. Louis, MO 63103.

An Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of July, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE